VAN DER BECK *v.* VAN DER BECK.[1]

1. DIVORCE—ALIMONY—EXCESSIVE ALLOWANCE—REDUCTION.

Where, on divorce being granted for a husband's adultery, it was shown that his property consisted of business interests worth $12,000, insurance policy worth $800, furniture worth $400, $800 cash, and Western lands, not available for immediate sale, worth $5,600, and that his debts amounted to $3,000, an award to the wife as alimony of the insurance policy and furniture and $7,600 cash, which if paid would leave the husband with insufficient funds to conduct his business, was excessive, and, on appeal, was reduced to an allowance of $7,000, to include the furniture and insurance and one-half the land.

2. SAME—COSTS—SOLICITOR'S SERVICES—VALUE.

An allowance of $500 for services of a solicitor in drawing and filing a bill in a former divorce proceeding, for which $25 to $50 would ordinarily be allowed, in the absence of proof of the value of the services, was excessive, and should be reduced to $50.

Appeal from Wayne; Waite, J.  Submitted June 7, 1900.  Decided June 18, 1900.

Bill by Mary H. Van Der Beck against George A. Van Der Beck for a divorce.  From a decree for complainant, defendant appeals.  Modified.

*Elliott G. Stevenson* and *Leo M. Butzel*, for complainant.

*Maybury & Lucking*, for defendant.

LONG, J.  The parties were married in 1893.  They lived together about five years, when they separated. They have no children.  Complainant was about 26 years of age at the time of the marriage, and was a school teacher by occupation, earning $70 per month.  She filed

---

[1] Rehearing (complainant's application) denied September 24, 1900.

a bill for divorce some time before the present bill was filed. Their differences were settled, and they commenced living together again. Defendant is about 36 years of age, is engaged in business in Detroit, and has considerable property. The complainant filed the present bill in September, 1898. It charges the defendant with adultery and cruel treatment. On the hearing the defendant did not deny the charges made. The court found that the material allegations in the bill were sustained by the proofs, and entered a decree of divorce on the ground of adultery. The complainant was awarded a large amount of alimony. She was given the household furniture, excepting the silverware and china, which came from defendant's family. The defendant was required to release and transfer to complainant all his interest in a policy of insurance, which had a cash value of $800, and to pay the complainant $7,600 in cash; these payments to be in lieu of temporary alimony or for maintenance of complainant, and for bills incurred by her in connection with the former divorce proceeding instituted by her. This was to be in full satisfaction of her interest in defendant's property. She was also given a lien upon all of his property in this State to secure the payment of the alimony, and a receiver was appointed to take possession of the property. The defendant appealed from this decree, and gave a bond to release the property.

The only question raised in this court is the amount of the alimony. The defendant's property consisted, at the time of the entry of the decree below, of the following items:

| | |
|---|---|
| Baseball interests, the highest value stated at | $12,000 |
| Insurance policy | 800 |
| Furniture | 400 |
| Cash | 800 |
| Western lands, which, it is argued, were worth | 5,600 |
| | $19,600 |

It is claimed by his counsel that he owed debts amounting to $3,000.

We think, under the proofs, the court below very properly granted the decree of divorce, but we are satisfied that the award of alimony was excessive. The proofs show that the defendant, while living with the complainant as his wife, was guilty of the most lewd conduct. He apparently consorted constantly with lewd women, and was guilty of adultery upon several occasions. The law is well settled that these facts should be taken into consideration. The court should, however, in fixing the amount of alimony, have taken into consideration the property affairs of the defendant, the amount of property, what cash assets he had, and the other available property. It is apparent that the land, which is situate in another State, is not available for immediate sale. If the baseball interest is worth $12,000, which defendant denies, the payment out of that of $7,600 would leave him without much available funds to carry on his business, which would apparently be thus broken up and destroyed.

There was included in the amount given complainant the sum of $500, which she claimed she owed her solicitor in the former divorce proceeding. It appeared all that was done in that matter was the drawing and filing of a bill for divorce. No proofs were given of the value of those services. Ordinarily, from $25 to $50 would be the limit allowed by the law for such services, and, as no proofs were given of their value, we think but $50 should be allowed complainant for that item. It is conceded that $135 should be allowed for other debts of complainant. The alimony must be reduced, and the following awarded: The defendant will be required to deed to complainant one-half of the land in the foreign State, she to take it at the value of $2,800; $450 will be deducted from the $500 which was allowed to complainant to pay for divorce proceedings; the defendant will be required, not only to make the deed as above provided, but shall pay in cash to complainant or her solicitors the sum of $3,000. The complainant will therefore be awarded:

124 Mich.—31.

| | |
|---|---:|
| Cash | $3,000 |
| Household furniture, valued at | 400 |
| Insurance policy | 800 |
| Western land, valued at | 2,800 |
| Making a total value of | $7,000 |

—Out of which complainant can pay her solicitors and the other debts.

With this modification, the decree below will be affirmed. No costs of this court will be allowed.

The other Justices concurred.